IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAUL EDWARD SAYLORS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-115 |
| | ) | (Formerly CR 116-048) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at FCI Williamsburg in Salters, South Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I. BACKGROUND**

   **A. Indictment**

On July 6, 2016, the grand jury in the Southern District of Georgia charged Petitioner in a seven count indictment with (1) one count of conspiracy to commit robbery of a commercial business under 18 U.S.C. § 1951; (2) one count of conspiracy to use and carry a firearm during crimes of violence under 18 U.S.C. § 924(o); (3) two counts of robbery of a commercial business under 18 U.S.C. §§ 1951 and 1952; (4) two counts of carrying, using, and brandishing a firearm during a crime of violence under 18 U.S.C. § 924 (c)(1)(A)(ii) and

(c)2; and (5) one count of possession of a firearm by a convicted felon under 18 U.S.C. §§ 922 (g)(1) and 924. United States v. Saylors, CR 116-048, doc. no. 1 (S.D. Ga. July 6, 2016) (hereinafter "CR 116-048"). The Court appointed attorney Grant K. Usry to represent Petitioner. See id., doc. no. 11.

### B. Agreement to Plead Guilty

On February 13, 2017, Petitioner appeared with counsel before Chief United States District Judge J. Randal Hall and pled guilty to one count of conspiracy to commit robbery of a commercial business ("Count One"), one count of robbery of a commercial business ("Count Three"), and one count of carrying, using, and brandishing a firearm during a crime of violence ("Count Four"). Id., doc. nos. 50-51. In exchange for the guilty plea, the government agreed to (1) dismiss the remaining counts of the indictment; (2) not object to a recommendation from the probation office for a two-point acceptance of responsibility reduction; and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or requesting a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 51, pp. 7-8. The plea agreement contained a factual basis for the plea, which stated in relevant part:

> [As to Count One, Petitioner] did knowingly and willfully combine, conspire, confederate and agree with ROBBIE LEE MOUZON to knowingly and unlawfully take and obtain personal property from the person and presence of employees of commercial businesses against their will by means of actual and threatened force, violence, and fear of injury to their person . . . in violation of Title 18, United States Code, Section 1951.
>
> [As to Count Three, Petitioner], aided and abetted by ROBBIE LEE MOUZON, did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, . . . in that [Petitioner] did knowingly, willfully, and unlawfully take and obtain personal property, that is, United States currency, from the presence and person of an individual . . ., against her will, and by

2

means of actual and threatened force, violence, and fear of injury, immediate or future, to [the individual's] person, and to property in [the individual's] custody and possession, that is, by brandishing a firearm and demanding money, said United States Currency then being in the property of Speedee Cash, . . . a business engaged in and affecting interstate commerce, all done in violation of Title 18, United States Code, Sections 1951 and 2.

[As to Count Four, Petitioner] aided and abetted ROBBIE LEE MOUZON to knowingly carry, use, and brandish a firearm during and in relation to a crime of violence, that is, robbery of a commercial business . . . as set forth in Count Three of the Indictment filed in the above-styled case; and done with the advanced knowledge that ROBBIE LEE MOUZON would carry, use, and brandish a firearm during and in relation to a crime of violence that is, robbery of a commercial business, . . . in violation of Title 18 United States Code, Sections 924(c)(1)(A)(ii) and 2.

Id. at 2-5.

The plea agreement also contained an appeal and collateral attack waiver, as follows:

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

Id. at 11.

Petitioner attested he read and carefully reviewed the plea agreement, understood what it said and meant, voluntarily agreed to it, and stipulated to the factual basis therein as true and accurate in every respect. Id. at 13.

### C.     Change of Plea Hearing

During the Change of Plea Hearing, Chief United States District Judge J. Randal Hall established Petitioner's competence to enter a guilty plea if he desired. Id., doc. no. 129, pp. 4-7, 25.  Petitioner testified under oath he had adequate time to discuss his case with Mr. Usry and was entirely satisfied with the services rendered by him. Id. at 8-9.  Judge Hall read each count of the indictment and asked if Petitioner understood the charges. Id. at 7-8. Petitioner confirmed he understood. Id. at 8.  Judge Hall also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights. Id. at 9-11.

Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id. Petitioner affirmed no one had forced, threatened, or pressured him to plead guilty, nor had anyone predicted or prophesied Petitioner would receive a specific sentence. Id. at 3, 13, 16.

Judge Hall reviewed the waiver provision in Petitioner's plea agreement, informing Petitioner he was

> giving up or waiving [his] right to appeal [his] conviction and sentence on any ground whether -- well, with three exceptions: [He was] not giving up the right to appeal [his] sentence should [his] sentence exceed the statutory maximum punishment for these crimes, should [his] sentence exceed the applicable sentencing guideline range that is determined to apply to [his] case, or should the Government appeal.
>
> In addition, [he was] giving up the right to attack [his] conviction and sentence in a post-conviction type proceeding on any ground with one exception and that is in no way [was he] giving up [his] right to file a post-conviction action based upon ineffective assistance of counsel.

Id. at 12.  Petitioner confirmed he agreed to the waiver. Id. at 13.  Petitioner affirmed he

4

discussed the plea agreement with counsel, signed the plea agreement, and understood he would be bound by all the terms within the plea agreement. Id. at 11-12. Judge Hall described the statutory penalties and elements for Counts One, Three, and Four. Id. at 13-18. Petitioner stated he understood the penalties and admitted his conduct would satisfy the elements of the counts to which he was pleading guilty. Id. at 13-14, 16, 18.

Judge Hall heard the factual basis for Petitioner's guilty plea from Special Agent Ronald Rhodes with the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). Id. at 18. SA Rhodes testified that, on November 7, 2012, at 4:15 p.m., a male wearing a mask, later learned to be Robbie Lee Mouzon, Petitioner's co-defendant, entered a commercial business, Speedee Cash, and demanded cash from Christina Burney by pointing a pistol at her. Id. at 19. Ms. Burney opened the cash register, and Mr. Mouzon took $190 from the business and fled on foot. Id. One hour later, Mr. Mouzon entered another commercial business, The Jeweler's Branch, pointed a pistol at Stephen Crawford, owner of The Jeweler's Branch, and demanded money. Id. Mr. Mouzon took less than $200 in United States currency and between $6,000 and $10,000 in jewelry. Id. at 19-20.

A witness, who was in the parking at the second robbery, saw Mr. Mouzon enter a Chevrolet HHR and relayed that information to local law enforcement. Id. at 20. Sergeant Jason Vinson of Richmond County Sheriff's Office spotted the vehicle on Interstate 520 and attempted to pull it over. Id. However, the vehicle fled on to Interstate 20 ("I-20") and was eventually stopped after exiting onto exit five on I-20 in North Augusta, South Carolina. Id. Mr. Mouzon exited the vehicle while it was still moving and threw his handgun into the back of the vehicle. Id. He was apprehended shortly after fleeing. Id.

Petitioner was the driver of the vehicle and was taken into custody. Id. Petitioner was later interviewed and stated he knew about the robberies, was the getaway driver for both, and knew Mr. Mouzon was going into the businesses to rob them with a gun. He also corroborated Mr. Mouzon was the man in the mask and had entered the businesses with the gun. Id.

Petitioner did not disagree with the testimony of SA Rhodes and admitted his guilt regarding Counts One, Three, and Four. Id. at 23-24. Judge Hall accepted the guilty plea, finding a sound factual basis for it, and found Petitioner's decision to plead guilty was voluntary, knowing, and not the result of force, pressure, threats, or promises. Id. at 24-25.

### D. Sentencing

Upon Petitioner's conviction, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-six, Criminal History Category at IV, and guidelines imprisonment range at 92 to 115 months for Counts One and Three, plus an eighty-four-month consecutive sentence as to Count Four. PSI ¶ 73. Because Petitioner was convicted under 18 U.S.C. § 924(c)(1)(A)(ii), the statutorily required term of imprisonment was at least seven years and not more than life, and that term of imprisonment could not be served concurrently with any other term of imprisonment imposed. PSI ¶ 38. Therefore, his guideline range for the brandishing charge was the statutory minimum—eighty-four months consecutive to his sentence on Counts One and Three. Id. Neither Petitioner nor the Government filed objections to the sentencing guidelines calculations in the PSI. See PSI Add.; CR 116-048, doc. no. 92.

On July 24, 2017, Judge Hall imposed a sentence of imprisonment of sixty months each as to Counts One and Three to be served concurrently and eighty-four months as to

6

Count Four to be served consecutively. CR 116-048, doc. no. 92. Judgment was entered on July 28, 2017. Id., doc. no. 93. Petitioner did not file an appeal.

### E. § 2255 Proceedings

Petitioner timely filed the instant § 2255 motion to vacate, set aside, or correct his sentence, raising the following claims:

1) Mr. Usry rendered ineffective assistance of counsel by advising Petitioner to plead guilty to Count Four, resulting in an illegal and unconstitutional sentence.

2) The sentence handed down by Judge Hall as to Count Four was illegal and unconstitutional.

(See generally doc. nos. 1, 12.)

## II. DISCUSSION

### A. Petitioner Is Not Entitled to an Evidentiary Hearing

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Rosin v. United States, 786 F.3d 873, 878-79 (11th Cir. 2015); Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). For example, because the deficient performance prong of ineffective assistance is judged by "whether counsels' representation fell below an objective standard of reasonableness, not whether counsel could provide some explanation for their actions," an evidentiary hearing exploring strategic decisions is not automatically required. Thomas v. United States, 596 F. App'x 808, 810 (11th Cir. 2015). When the Court "can conceive of a reasonable motivation for counsel's actions, [it] will deny a claim of ineffective assistance without an evidentiary hearing." Gordon v. United States, 518 F.3d 1291, 1302 (11th Cir. 2008). Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

## B. Petitioner's Valid Collateral Attack Waiver Bars Ground Two

Petitioner's assertion his sentence as to Count Four is illegal and unconstitutional is precluded by the waiver provision in the plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence unless it was a claim of ineffective assistance of counsel. It is well-settled a waiver of the right to collaterally attack a sentence and conviction is enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga.

2004) (applying case law concerning waiver of direct appeal to waiver of right to collateral proceedings).

"To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Respondent has demonstrated the existence of a valid collateral attack waiver. As explained in § I.C., supra, the plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his conviction and sentence unless his claim was based on ineffective assistance of counsel. See CR 116-048, doc. no. 51, p. 11. Furthermore, Judge Hall reviewed Petitioner's plea agreement during the plea colloquy, and specifically referenced the waiver provision. Id., doc. no. 129, p. 12. Judge Hall explained as a result of the waiver provision, Petitioner was "giving up the right to attack [his] conviction and sentence in a post-conviction type proceeding on any ground . . . [except] to file a post-conviction action based upon ineffective assistance of counsel." Id. Petitioner acknowledged he agreed to the terms of the plea agreement. Id. at 13. Thus, the collateral attack waiver bars Petitioner's claim in Ground Two regarding his sentence under § 924(c).

Petitioner argues <u>United States v. St. Hubert</u>, 883 F.3d 1319, 1322-27 (11th Cir. 2018) *vacated*, 909 F.3d 335, 346 (11th Cir. 2018), states Petitioner is not barred in bringing these claims. (Doc. no. 12, pp. 1-3.) However, <u>St. Hubert</u> involved a guilty plea without a collateral attack waiver and is therefore not applicable here. <u>Id.</u> Accordingly, the Court finds Petitioner is not entitled to relief on Ground Two. Even if the collateral attack waiver did not bar Ground Two, Petitioner's claims are meritless as explained <u>infra</u>.

### C. Even If Not Barred by the Collateral Attack Waiver, Petitioner's Claims In Ground Two Regarding His Sentence Under § 924(c) Are Meritless Because His Conviction For Hobbs Act Robbery Is a "Crime of Violence"

Petitioner plead guilty to and was convicted of violating 18 U.S.C. § 924(c)(1)(A)(ii), which provides for a consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. CR 116-048, doc. no. 93. For purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is commonly referred to as the "use-of-force clause" and the latter clause is known as the § 924(c)(3)(B) "residual clause." Petitioner argues he cannot be convicted under § 924(c) because his convictions in Count One and Three do not meet the use-of-force clause, and the residual clause is unconstitutionally vague. (Doc. nos. 1-1, 12.)

As explained in § I.C., <u>supra</u>, at the change of plea hearing, Petitioner plead guilty to Count One for conspiracy to commit robbery of a commercial business, which is conspiracy

10

to commit a Hobbs Act robbery crime, Count Three for robbery of a commercial business, which is a Hobbs Act robbery crime, and Count Four for brandishing a firearm during a crime of violence. CV 116-048, doc. no. 129. The independent factual basis established by Judge Hall at the hearing shows Mr. Mouzon robbed two different commercial business with the assistance of Petitioner as the getaway driver, Petitioner knew about the robberies, and Petitioner knew Mr. Mouzon was going into the businesses to rob them with a gun. Id. at 18-23. At the hearing, Petitioner further agreed he was in fact guilty of Counts One, Three, and Four as stated in the indictment because he did participate in the robberies. Id. at 24.

The Eleventh Circuit has expressly held "Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s [use-of-force] clause." United States v. Weaver, 760 F. App'x 745, 753 (11th Cir. 2019) (alteration in original) (quoting United States v. St. Hubert, 909 F.3d 335, 346 (11th Cir. 2018)) (foreclosing any argument convictions based on Hobbs Act robbery is not crime of violence under use-of-force clause); United States v. Nelson, No. 17-12375, 2019 WL 480031, at *1-2 (11th Cir. Feb. 7, 2019). The Eleventh Circuit also has held an aider and abettor is punishable as the principal actor, and when pleading guilty to aiding and abetting in the brandishing of a firearm where the predicate felony is Hobbs Act robbery, the use-of-force clause applies. See In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding petitioner who pled guilty to aiding and abetting both Hobbs Act robbery and brandishing firearm crimes properly sentenced under use-of-force clause). Therefore, the use-of-force clause is clearly applicable and any argument by Petitioner that his conviction under the use-of-force clause is unconstitutional is foreclosed by binding precedent in this circuit. Weaver, 760 F. App'x at 745; St. Hubert, 909 F.3d at 346, 351-53.

Petitioner argues neither Count One or Count Three are crimes of violence under the

use-of-force clause to support his conviction in Count Four. (Doc. no. 1-1, pp. 29-38; doc. no. 12, pp. 5-6.) However, the Eleventh Circuit has clearly articulated a conviction for Hobbs Act robbery is a crime of violence under the use-of-force clause. Weaver, 760 F. App'x at 745; St. Hubert, 909 F.3d at 346, 351-53. Petitioner's conviction of conspiracy to commit Hobbs Act robbery in Count One is in addition to his Count Three conviction for the entirely separate offense of Hobbs Act robbery, which is a crime of violence. Further, in the plea agreement, Count Four specifically referenced Count Three as the predicate felony. (Doc. no. 51, pp. 3-4.) Thus, Petitioner's arguments have no merit.

Petitioner also argues his conviction in Count Four is invalid because the residual clause of § 924(c) is unconstitutionally vague. (Doc. no. 1-1, pp. 4-29; doc. no. 12, pp 3-4.) However, Petitioner's argument is moot in light of the fact Petitioner's conviction as to Count Four is valid under the use-of-force clause. Further, even if Petitioner's conviction was based on the residual clause, the Eleventh Circuit held the residual clause is not unconstitutionally vague. Weaver, 760 F. App'x at 745 ("Because Ovalles forecloses [petitioner's] vagueness challenge to the residual clause, his challenges to his conviction under § 924(c) fail."); St. Hubert, 909 F.3d at 344-45; Ovalles v. United States, 905 F.3d 1231, 1252-53 (11th Cir. 2018). In St. Hubert, the Eleventh Circuit found Hobbs Act robbery is a crime of violence under the residual clause, using the conduct-based approach in Ovalles, because the facts as the defendant admitted them "involved a substantial risk that physical force may have been used against a person or property." 909 F.3d at 344-45.

Here, Petitioner plead guilty to Count Three and admitted he committed robbery in that he did:

> knowingly, willfully, and unlawfully take and obtain personal property . . . from the presence and person of an individual . . . by means of actual and

> threatened force, violence, and fear of injury, immediate or future, to [the individual's] person, and to property in [the individual's] custody and possession, that is, by brandishing a firearm and demanding money . . . .

CV 116-048, doc. no. 51, pp. 2-5; see also § I.C., supra. These facts show Petitioner's Hobbs Act robbery conviction clearly falls within the Ovalles and St. Hubert holdings, and Petitioner's arguments as to the residual clause are meritless.

Related to Petitioner's residual clause argument, he argues the factual record is not "sufficient to conclude that [Petitioner] created a substantial risk of the use of force" because Judge Hall should have only used the facts in the plea agreement and not the facts recited in the PSI. (Doc. no. 12, p. 4.) However, as stated above, Petitioner's sentence is valid under the use-of-force clause and the residual clause based on the facts as stated in the plea agreement and at the Change of Plea Hearing on which his convictions are based. Therefore, Petitioner's argument is inapposite. In sum, Petitioner's sentence in Count Four under § 924(c) is constitutional because his Hobbs Act robbery conviction in Count Three is a proper predicate felony, and therefore, Petitioner's claims in Ground Two are meritless.

### C. Mr. Usry Did Not Render Ineffective Assistance of Counsel by Advising Petitioner to Plead Guilty to § 924(c)

#### 1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a]

petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding

14

is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.; Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. A petitioner must prove "serious derelictions" in counsel's advice regarding the plea. Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (*en banc*) (citations omitted). Therefore, Petitioner must show both counsel's representation fell below an objective standard of reasonableness, *and* there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Hill, 474 U.S. at 56-59.

When a client pleads guilty, defense counsel "need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984) (*per curiam*); see also Carter v. United States, 288 F. App'x 648, 649 (11th Cir. 2008) (*per curiam*). Counsel can impart such an understanding by offering his informed opinion on the best choice after examining the facts, circumstances, pleadings, and laws at issue. Wofford, 748 F.2d at 1508. Because no absolute rules dictate reasonableness, counsel has no duty to investigate particular facts or defenses. Chandler, 218 F.3d at 1317. Counsel is not required to "pursue every path until it bears fruit or until all available hope withers." Puiatti v. Sec'y, Fla. Dep't of Corr., 732 F.3d 1255, 1280 (11th Cir. 2013) (quoting Foster v. Dugger, 823 F.2d 402, 405 (11th Cir. 1987)).

## 2. Petitioner Cannot Satisfy Either Prong of <u>Strickland</u> Because His Arguments as to Count Four Are Meritless

In Ground One, Petitioner argues Mr. Usry was ineffective because he allowed Petitioner to plead guilty to Count Four, which he argues is unconstitutional because his conviction under both the use-of-force clause and the residual clause is improper. (Doc. nos. 1, 12.) However, as explained in § II.C., <u>supra</u>, Petitioner's conviction and sentence in Count Four under § 924(c) was not unconstitutional. Therefore, Mr. Usry's advice was not deficient or fell below an objective standard of reasonableness, Petitioner was not prejudiced by Mr. Usry's advice to plead guilty, and Petitioner's Ground One claims fail. <u>See</u> <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) (rejecting ineffective assistance argument because "a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client").

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 23rd day of May, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA