IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAUL EDWARD SAYLORS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 118-115 (Formerly CR 116-048) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, de novo review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion and **DENIES** without an evidentiary hearing the motion filed pursuant to 28 U.S.C. § 2255.

After the Magistrate Judge's Report and Recommendation was filed, the Supreme Court published its opinion in United States v. Davis, 588 U.S. __, (2019), and held 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague, overruling Eleventh Circuit precedent cited by the Magistrate Judge in his Report and Recommendation. (See doc. no. 18, pp. 12-13.) However, the result in this case does not change in light of Davis because, as stated by the Magistrate Judge, Petitioner signed a valid collateral attack waiver and his conviction for Hobbs Act Robbery qualified as a crime of violence under § 924(c)(3)(A), otherwise known as the "use-of-force" or "elements" clause. Thus, as stated by the Magistrate Judge, Petitioner's arguments in his briefs, (doc. nos. 5, 12), with respect to § 924(c)(3)(B) are moot. (Doc. no. 18, pp. 8-12.)

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 27th day of June, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2